13-2545-cv
*United States v. Western Liability Management*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                    *Circuit Judges.*
          JED S. RAKOFF,
                    *District Judge.*\*

---

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                              13-2545-cv

$829,422.42, Currency, U.S. seized from account # 202252771 at Citibank, N.A. held i/n/o Western Liability Management Inc.,
          *Defendant,*

---

\* Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

WESTERN LIABILITY MANAGEMENT INC.,
*Claimant-Appellant.*\*\*

| | |
|---|---|
| FOR CLAIMANT-APPELLANT: | RICHARD O. WEED, Weed & Co. L.C. Newport Beach, CA |
| FOR THE UNITED STATES: | NDIDI N. MOSES, Assistant United States Attorney, (David X. Sullivan, Sandra S. Glover, Assistant United States Attorneys *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT |

Appeal from the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the appeal be and hereby is **DISMISSED.**

The United States brings this civil forfeiture action against approximately $829,000 seized from a Citibank account held by Claimant Western Liability Management ("WLM"). We find that WLM has no standing to challenge the government's forfeiture action and dismiss the appeal.

In order to have standing to challenge the forfeiture of property, one must be more than a mere "straw owner[]" who holds title for some unknown person. *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 527 (2d Cir. 1999) (internal

---

\*\* The Clerk of the Court is directed to amend the official caption as set forth above.

quotation marks omitted). "There must be . . . some indicia of reliability or substance to [claims of ownership in order to] reduce the likelihood of a false or frivolous claim." *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 645 (2d Cir. 1989).

Here, WLM cannot show that it is anything more than a shell through which the funds were to pass. WLM admits that its business consisted of nothing more than receiving and retransmitting money among entities that were known to WLM only as a name and a bank account number. Indeed, even if WLM had a legitimate ownership interest in some of the funds in its account, it has not shown such an interest in the funds at issue here. WLM denies having any relationship with the entities that wired the funds. Accordingly, WLM was not injured by the forfeiture of the funds and its appeal is **DISMISSED** for lack of jurisdiction.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>